UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK EVANS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-218 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. When the motion was filed, the Court lacked jurisdiction over it because it is successive and movant did not have permission from the Court of Appeals to file it. Movant has since obtained permission from the Court of Appeals. Therefore, the Court will dismiss this action and instruct the Clerk to open a new case.

Movant was convicted of felon in possession of a firearm and was sentenced to 180 months' imprisonment. United States v. Evans, No. 4:07-CR-87 CAS. He brought his first § 2255 motion in August 2010, which the Court denied as untimely. Evans v. United States, No. 4:10-CV-1490 CAS.

Movant filed this action pro se on February 16, 2016. He filed a pro se application for leave to file a successive § 2255 motion in the Court of Appeals on March 14, 2016. Evans v. United States, NO. 16-1676 (8th Cir.). Counsel filed an amended § 2255 motion on June 27, 2016, along with a motion to stay pending the resolution of the application in the Court of Appeals. The Court of Appeals granted movant's application on June 30, 2016. Counsel then filed a supplement to the § 2255 motion on July 15, 2016.

The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be <u>established as a threshold matter</u> springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. Nat'l Enterprises, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted; emphasis added).

Because jurisdiction was lacking at the time this action was filed, the Court must dismiss this case without prejudice. However, the Court will direct the Clerk to open a new case with the amended motion.

Finally, movant has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c). Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to stay is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to file movant's § 2255 motion [Doc. 3] and supplement to his § 2255 motion [Doc. 7] as a new civil action, along with the judgment and mandate from the Court of Appeals [Docs. 5 and 6]. The filing date shall be June 30, 2016.

An Order of Dismissal will be filed separately.

                                                                         /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>  19th  </u> day of July, 2015.